DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the November 18, 1998 judgment of the Ottawa County Court of Common Pleas. On appeal, appellant, Barbara Adams, asserts the following assignments of error:
 "I. Whether the Court below erred as a matter of law and in contravention if [sic] R.C. 5302.12 by holding as valid a recorded mortgage unaccompanied by any note or other written memorandum which identifies the consideration supporting said mortgage.
 "II. Whether the Judgment of the Court below is against the manifest weight of the evidence regarding paragraph 2 of it's [sic] Judgment Entry constituting prejudicial error to the detriment of Appellant.
 "III. Whether the Court below abused its discretion in failing to remove this Executor and appoint an Administrator W.W.A.
 "IV. Whether the Court below erred as a matter of law in sustaining Appellee's objection to the testimony of Appellant's witness.
 "V. Whether the Court below abused it [sic] discretion in limiting, to 90 days, the time within which the deposition could be taken of Appellant's witness."
Upon a review of the record in this action, we find that the order from which the appeal was taken is not a final, appealable order under the current version of R.C. 2505.02. Probate estate proceedings existed at common law and, therefore, are not special proceedings under R.C. 2505.02(A)(2). In theMatter of Pulford (1997), 122 Ohio App.3d 88. Cf. In the Matter of the Estate of Knauff (May 27, 1997), Adams App. No. 96CA623, unreported (which held that proceedings relating to estate administration are special proceedings.) Furthermore, the court's order issued regarding the denial of exceptions to the inventory, determining the assets of the estate, and denying a request to remove the fiduciary are not immediately appealable as provisional remedies under R.C. 2505.02(A)(3) because none of these matters deny the appealing party a "meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4).
Finding that our judgment is in direct conflict withEstate of Knauff, supra, we hereby certify the record in this case to the Supreme Court of Ohio for review and final determination, pursuant to Section 3(B)(4), Article IV, Ohio Constitution and App.R. 25, on the following issue: Are probate estate proceedings special proceedings pursuant to 2505.02?
This case is therefore ordered dismissed at appellant's costs.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J.,Mark L. Pietrykowski, J., CONCUR.